**GOLDSTEIN, HORNER & HORNER, ATTORNEYS PLLC**
H. Lee Horner Jr.   ASB #022791
5800 Arizona Pavilions Drive #2665
CORTARO, AZ 85652
520-979-5176
FAX 520-744-5073

Attorneys for Robert and Kathleen Reish
and Ryuko, Inc.

   steinway@azbar.org

UNITED STATES BANKRUPTCY COURT
DISTRICT OF ARIZONA

In Re:

Phoenix Heliparts Inc.,         Case No.2:15-bk-12003-DPC
                                 Chapter 11 Proceedings
     DEBTOR
_____|         Hon. Daniel P. Collins

                                 **ADV. NO. 16-ap-331-DPC**

Robert Reish, Plaintiff
                                 **COMPLAINT TO DETERMINE**
vs.                              **THE VALIDITY AND EXTENT OF**
                                 **PLAINTIFF'S INTEREST IN**
Phoenix Heliparts, Inc. and      **MD HELICOPTER, SERIAL #041FF**
Louie Mukai, Trustee,            **AND SALES PROCEEDS THEREOF**
Defendants
_____|

1.   This is a complaint to determine the nature, extent and validity of the ownership interest of plaintiff in one MD Helicopter, Model 369FF, Serial Number 0041FF ["0041FF"], which is challenged by the trustee for Phoenix Heliparts, Inc. ["trustee" or "PHP"].

2.   This is a core proceeding under **28 U.S.C. 157(b)(2)(K)**, and to the extent necessary, plaintiff consents to entry of a final judgment by the bankruptcy court.  An adversary proceeding is the property procedure to determine the nature and extent of title in the personal property in play. **F.R.Bk.P. 7001(2).**

1

3. Venue is proper in this district as the administrative case is pending in this court.

4. Jurisdiction is present under **28 U.S.C. 1334, 1409(a) and (e).** Jurisdiction over this adversary proceeding is vested in the United States District Court for the District of Arizona. That Court has referred, under **28 U.S.C. 157(a)** all cases under Title 11 or related to a bankruptcy case to this Court. **Amended General Order of May 20, 1985.** This adversary proceeding having been appropriately referred, this Court has jurisdiction to enter a final order and judgment.

5. PHP filed a voluntary Chapter 11 in this district on September 18, 2015, which matter is still pending.

6. The trustee was appointed by this Court on October 22, 2015, and he continues to serve in that capacity.

7. On or about July 24, 2009, plaintiff is informed and believes that PHP purchased 0041FF from RotorMate USA of Texas and received a bill of sale at that time, a copy attached hereto as Exhibit A and incorporated by reference.

8. On or about February 13, 2014, PHP, by its president Tina Cannon, formed a contract to sell 0041FF to plaintiff for $1,395,000 cash.

9. A true and correct copy of the formed agreement and attached bill of sale evidencing this formed agreement are attached hereto as Exhibit B and incorporated by reference.

10. The February 13, 2014 bill of sale to plaintiff from PHP was operative to give plaintiff a special property interest in 0041FF.

11. On the date of contract formation and thereafter, plaintiff had the right to receive from PHP, on demand, an FAA Bill of Sale suitable for registration with the FAA.

12. No other entity or individual had any claim of ownership or

2

Case 2:16-ap-00331-DPC    Doc 1    Filed 07/12/16    Entered 07/12/16 16:01:02    Desc
Main Document    Page 2 of 5

encumbrance against 0041FF as of February 13, 2014.

13. The sales agreement required PHP to make the aircraft airworthy so it could be resold, which was eventually done.

14. Plaintiff is informed and believes that two helicopter brokers represented the ultimate buyer of this aircraft from plaintiff, the Azerbajian Ministry of Defense ["AMOD"] which was also represented by the Ashcroft Law Firm.

15. While concealing the fact of PHP's bankruptcy and the trustee's appointment from plaintiff, Tina Cannon arranged the sale of 0041FF to AMOD, including handling necessary communications with the escrow agent, Insured Aircraft Title Services, of Oklahoma ["IATS"].

16. Tina Cannon prepared the standard PHP helicopter sales agreement for this transaction with AMOD and caused it to be executed by plaintiff and the buyer's representative. This AMOD contract is attached hereto as Exhibit C and incorporated by reference.

17. The AMOD agreement on 0041FF was formed on or about November 11, 2015 and executed by the buyer and seller in counterpart.

18. Plaintiff is unaware of the exact date 0041FF was made airworthy by PHP, however plaintiff is informed and believes that it could not be registered with the FAA until it was certified as airworthy.

19. Plaintiff is informed and believes that PHP caused 0041FF to be registered with the FAA for the first time shortly before escrow closed to AMOD, showing plaintiff as the buyer.

20. Plaintiff is informed and believes that at about the same time Tina Cannon prepared the FAA bill of sale in plaintiff's favor, on behalf of PHP, she then prepared an FAA bill of sale in favor of AMOD showing plaintiff as seller.

21. On or about November 25, 2015, AMOD'S legal representative, the Ashcroft Law Firm, executed an unconditional acceptance of 0041FF and

1 authorized the disbursement to plaintiff the sales price of $2,322,000.

2 22. As of this complaint's filing, AMOD'S acceptance of 0041FF has not
3 been revoked.

4 23. No third party has, after the formation of the sales agreement between
5 PHP and plaintiff, claimed any interest in 0041FF.

**COUNT ONE - DETERMINATION OF PLAINTIFF'S RIGHTS IN 0041FF**

24. Paragraphs 1 through 23 inclusive are incorporated by reference.

25. Recordation of an FAA bill of sale is unnecessary to convey title to aircraft in the United States and as between the seller and buyer, a bill of sale is operative to perfect the buyer's ownership to the exclusion of the seller and the seller's successors and assigns.

26. The Uniform Commercial Code of Arizona governs the agreements between PHP and plaintiff, and plaintiff and AMOD.

27. Plaintiff has paid to PHP, pre-petition, the agreed price for the purchase and rehabilitation of 0041FF, and received a bill of sale pre-petition, Ex. B hereto.

Plaintiff prays for an order confirming his ownership interest in 0041FF after formation of the "PHP to Plaintiff" purchase agreement, and an order that at no time was 0041FF estate property.

4

**COUNT TWO - DETERMINATION OF PLAINTIFF'S RIGHTS TO SALES PROCEEDS OF 0041FF AS TO THE SALE TO AMOD**

28.     Paragraphs 1 through 27 are incorporated by reference.

Plaintiff prays for an order confirming his ownership interest in the proceeds of the AMOD sale of 0041FF, and an order that at no time were these cash proceeds estate property.

Respectfully submitted July 12, 2016,

**GOLDSTEIN, HORNER & HORNER, ATTORNEYS PLLC**

  s/H. Lee Horner Jr.  022791

_____
H. Lee Horner Jr. Counsel for Plaintiff Reish

5