# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | In Proceedings under Chapter 11 |
| PHOENIX HELIPARTS, INC., | **Case No. 2:15-bk-12003-DPC** |
| Debtor. | **Adv. No. 2:16-ap-00331-DPC** |
| Now Substantively Consolidated with PHOENIX HELI-SUPPORT, L.L.C. | **ORDER PURSUANT TO APPELLATE REMAND** |
| ROBERT REISH, | |
| Plaintiff, | |
| v. | |
| PHOENIX HELIPARTS, INC LIQUIDATION TRUST, | |
| Defendant. | |
| PHOENIX HELIPARTS INC LIQUIDATION TRUST | |
| Counterclaimant, | |
| v. | |
| ROBERT C. REISH and KATHLEEN REISH, husband and wife, | |
| Counterdefendants, | |
| PHOENIX HELIPARTS INC LIQUIDATION TRUST | |

|   | Third-Party Plaintiff, |
|---|---|
| v. | |
| Ryuko, Inc., a Wyoming corporation, | |
|   | Third-Party Defendant, |

This matter has come before this Court on the Motion to Reopen Discovery filed by Robert and Kathleen Reish and Ryuko, Inc. (the "Reish Parties" or "Reish") and the opposition thereto filed by the Phoenix Heliparts, Inc. Liquidation Trust (the "Trust"). A hearing was held before this Court on February 18, 2020, at 11:000 a.m. Based upon the arguments of counsel at the hearing and having further examined the record before this court as well as existing and established 9th Circuit authority:

**IT IS HEREBY ORDERED and ADJUDGED as follows:**

1) Reish's Motion to Reopen Discovery is denied.

2) Final judgment is entered against Mr. and Mrs. Robert Reish and the Reish marital community ("Reish Parties") in favor of the Phoenix Heliparts Liquidation Trust in the liquidated amount of $2,150,000.

3) The record as described herein supports the finding of the Court that the value of 41FF at the time of transfer to Reish was $2,150,000.

   a. In the Complaint (Dkt. #1), Reish asserts that 0041FF was his property prepetition (Complaint, paragraph 27). Further, when 41FF was sold to AMOD, it was unequivocally accepted and the proceeds of $2,322,000 were paid to Reish (Complaint, paragraph 21). Finally, Reish seeks an order confirming his ownership interest in the proceeds of the AMOD sale of 41FF (Complaint, paragraph 28).

   b. In Reish's Response to Trustee's Separate Statement of Facts and Separate Statements of Facts Supporting Cross Motion for Summary Judgment ("SSOF") (Dkt.#31) at paragraph 44, Reish asserts "AMOD'S attorneys

accepted the 0041FF and authorized the purchase price to be disbursed by escrow as the aircraft was, according to them, stated unconditionally to be in compliance with the requirements of the purchase agreement." The Trust did not dispute this statement.

    c. In Reish's Opening Brief before the Bankruptcy Appellate Panel appealing this Court's ruling in favor of the Trustee on the Motion for Summary Judgment, Reish argued that "[a]n evidentiary hearing [on value] is required…." (BAP No. 17-AZ-1162, Appellants' Opening Brief, Dkt. 14, p. 26.) Despite this statement, Reish presented no evidence as to any value other than $2,150,000 at the October, 2018 trial.

    d. In the Joint Pretrial Statement (Dkt.#132), the Parties agreed as follows:

Paragraph 26: On November 12, 2015, AMOD agreed to pay $2,322,000 for 0041FF and $2,538,000 for 0175FF. This AMOD Agreement was dated November 11, 2015 (see Exhibit 9, AMOD Purchase Agreement.)

Paragraph 34: On November 25, 2016, the sale of 0175FF and 0041FF to AMOD was completed. Reish received a wire of $2,150,000 for 0041FF and Ryuko, Inc. received a wire of $2,350,000 for 0175FF. (See Exhibit 14, IATS Disbursement.)

Paragraph 38: As a part of the Reish to AMOD transaction, AMOD executed an unconditional acceptance of 0041FF in its condition as of November 25, 2015. (See Reish's Answer to PHPLT's Counterclaim 3:23-4:2 (Dkt #19).)

Reish made the following assertion in the Joint Pretrial Statement, at p. 12, under Reish's Contested Facts Deemed Material:

Paragraph 7: Prior to the close of escrow, AMOD'S agent, Lori Sharpe Day, certified that 0041FF and 175FF were both in compliance with the

3

contracts of sale and authorized release of AMOD'S purchase monies to Reish. See Reish's Answer to PHPLT's Counterclaim 3:23-4:2 (Dkt #19).

    e.   At trial, Tina Cannon testified that at the time escrow closed, Lori Sharpe Day was aware of the current condition of 41FF.  Trial transcript, Page 96 lines 20-22.  Further, the sale to AMOD was a "package deal." Trial transcript, Page 86 lines 2-3.

    f.   At trial, the Trustee testified that after the sale of 41FF closed, Lori Sharpe Day visited PHP.  At that time, Ms. Day was clearly aware of the condition of 41FF and Ms. Day still wanted 41FF---without any discussion of making 41FF airworthy. Trial transcript Page 155 line 23 to Page 156 line 3 and Trial transcript, page 158, lines 14 to 23.

    g.   At trial, Reish testified that the sale of 41FF was a package deal with 0175FF and he would not sell one without the other. Trial transcript, page 168,  lines 1 to 3.

The forgoing establishes that, from the outset, this Court was tasked with determining whether Reish or the Trust was the proper owner of the proceeds of the sale of 41FF to AMOD.  It is undisputed that the proceeds Reish received was in the amount of $2,150,000.  It is further undisputed that AMOD was willing to accept 41FF as it was at the time. This willingness may have been based on any number of factors not in evidence, or the fact that the transaction was a package deal for two aircraft.  This unequivocal acceptance of 41FF for the price tender with full knowledge of the condition or the aircraft supports this Court's finding that the value of 41FF that must be returned to the Trust is $2,150,000.

4) In the alternative, if the appellate court still determines that there is not sufficient evidence to support this damage calculation, this Court finds that the value of 41FF is $1,395,000.  Reish agreed to purchase 41FF for this price, subject to modifications (See Trial Transcript page 194 to 195 and Exhibit 3 to Joint Pretrial

4

Statement; Helicopter Purchase Agreement). This agreed price for 41FF is the minimum value supported by the record.

5) This Court entered a Trial Scheduling Order on June 25, 2018 (Dkt #106). This Order set a deadline of Monday, July 30, 2018 for exchanging pre-trial disclosures under Federal Rule of Civil Procedure 26(a)(3).[1] Reish failed to disclose an expert on valuation prior to this date. Reish has provided no basis to find that this failure to disclose was substantially justified or harmless. For this reason, Reish's request to reopen evidence and obtain expert reports is denied.[2]

6) This Court further finds that Reish is judicially estopped from asserting any value for 41FF other than the proceeds received by Reish from AMOD. Beginning with the Complaint and at every subsequent opportunity, Reish has consistently held that he was entitled to the full proceeds of the AMOD sale. Reish now seeks to take a contrary opinion to gain an advantage. This would be violative of the integrity of the judicial process and therefore any attempt to now change position with respect to the value of 41FF is denied.[3]

7) Reish has forfeited the ability to argue the issue of value. The question of the value of 41FF, or more accurately the amount of damages to the estate for Reish's acts contrary to the Code, is not a novel issue. Any argument related to value has been waived by Reish.[4]

8) On February 27, 2020, Reish requested this Court take judicial notice of certain trial testimony (Dkt #201). As this testimony is already in the record and has been evaluated by this Court, no further action is required by this Court.

---

[1] *Goodman v. Staples the Office Superstore LLC*, 644 F.3d 817, 79 Fed.R.Serv.3d 533 (9th Cir. 2011).
[2] *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001)
[3] *Rissetto v. Plumbers and Steamfitters Local 343*, 94 F. 3d 597, 600 (9th Cir. 1996) and *Quin v. Cnty. of Kauai Dep't of Transp.*, 733 F.3d 267, 271, (9th Cir., 2013)
[4] *Butler v. Curry* , 528 F.3d 624, 642 (9th Cir. 2008),

5

9) This order fully resolves all claims in this adversary proceeding between and among the Phoenix Heliparts Liquidation Trust, Ryuko, Inc., Mr. and Mrs. Reish, and the Reish marital community.

10) Pursuant to F.R.C.P. Rule 54(b) and as incorporated by F.R. B. P. 7052(c), this Court expressly determines that there is no just reason for delay in the entry of a final judgment as to these claims and parties. This is a final appealable judgment pursuant to F.R.B.P. 5003(c) and 7004.

**ORDERED, DATED, AND SIGNED AS SHOWN ABOVE.**

6